IN THE MATTER OF ANTONIO MOLINA, Bankrupt.

---

In Bankruptcy, No. 88.

INDEMNITY FOR EXPENSES.

Bankruptcy—Expense of the Referee.
In case of a bankruptcy proceeding *in forma pauperis*, the ref-

Matter of Molina.

eree, under General Order No. 10, may require a deposit of not exceeding $10 at a time to cover the expenses. This, however, should not be applied to fees of officers covered by the original deposit of $25.

Opinion filed September, 1913.

---

*Mr. H. G. Molina* for bankrupt.

*Mr. M. Travieso* for trustee.

*Mr. F. Antonsanti* for petitioner Ulman.

HAMILTON, Judge, delivered the following opinion:

On a rule to show cause why he should not proceed with the proceedings in the foregoing bankruptcy case, it appears that the referee, Salvador Suau, had notified the attorney for the bankrupt that, unless a deposit was made with the referee of $25 before incurring any expenses, as required by General Order No. 10, he would not proceed any further in said case, noting also that the money would be refunded out of the estate as part of the costs of the administration.

This is a case of voluntary bankruptcy, without the poverty affidavit. The preliminary deposit of $25 for fees of officers was duly made (bankruptcy act, § 51), and the question now certified up by the referee on motion of the bankrupt relates to a demand by the referee that another $25 be deposited for expenses under General Order No. 10, to be repaid, however, out of the estate.

The referee in this return states that $25 is what has been found to be necessary to cover expenses connected with publishing and mailing notices and the like. This is contested by the bankrupt as incorrect, at least for this particular case, and he says that he has met the expense of publishing and mailing as far as he has been notified, and will meet the other necessary expenses in future. The question, therefore, resolves itself into whether the referee is bound to collect for each expense as it occurs, or can exact a round sum in advance, and save himself the trouble of several notices to the bankrupt, with the incidental delays of collecting payment.

The wording of General Order No. 10 is that, "before incurring any expense in publishing or mailing notices, or in traveling, or in procuring the attendance of witnesses, or in perpetuating testimony, the clerk, marshal, or referee may require, from the bankrupt or other person in whose behalf the duty is to be performed, indemnity for such expense." This rule would be satisfied by the bankrupt's giving security satisfactory to the referee, or by depositing what is shown to be necessary for the purpose. The referee should not be put to the expense and delay of going to the bankrupt for each expense incurred.

It is therefore ordered that the action of the referee in requiring a deposit of $25 is disapproved, and that he is hereby directed to require from the bankrupt or other person in whose behalf duties are to be performed indemnity for the expense thereof or a deposit not exceeding $10. When such indemnity or deposit is exhausted, he may then require not exceeding $10 more, and so on until the case is brought to an end. This is to be used exclusively for expenses set out in General Order No. 10, and is not to be used for fees of officials, they being

limited to the preliminary deposit of $25 made with the clerk. Collier, Bankr. 7th ed. 864.